PROB 12A
(2/98)

# United States District Court

for

## Southern District of Ohio

### Report on Offender Under Supervision

Name of Offender: **Natasha M Wise**  Case Number: **1:02CR00124**

Name of Sentencing Judicial Officer:   **The Honorable Susan J. Dlott**
**United States District Judge**

Date of Original Sentence: **February 3, 2003**

Original Offense: **Bank Embezzlement**

Original Sentence:  **1 day confinement,  5 years supervised release**

Type of Supervision: **Supervised Release**   Date Supervision Commenced: **February 3, 2003**

## NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | **New Law Violation:** |

On February 6, 2006, Wise was arrested on the charge of Domestic Violence by the Cincinnati Police. The case is currently pending in Hamilton County Municipal Court. Wise has posted bond.

It is being alleged by the victim, Allen Turner that Wise cut him on top of his head with a knife, resulting in four stitches The incident occurred at Wise's residence.

**U.S. Probation Officer Action:**

Early in the supervision, Wise was given a specific instruction not to have any form of contact with Allen Turner, and Turner was given the same instruction by USPO Backman.

After Wise's release on bond, this officer spoke with Wise about the incident and reviewed a document related to the incident. According to Wise, on January 17, 2006, Turner came to her place of employment. Wise went into the bathroom to avoid Turner, but Turner went into the bathroom, and stood on the commode in the stall next to the one she was in, and started punching her and cussing at her. The owner of the establishment called the police, and they arrived at the scene. Turner was required to leave by the police, but Wise refused to tell the police who he was because of fear of retaliation. As a result, she was terminated from her employment because the owner was mad at Wise for not wanting to prosecute Turner.

A few hours later, Wise arrived at home, and found Turner there waiting for her outside of her home. They started to argue, and it became a physical altercation. Wise's children called 911, and the police arrived at



Case 1:02-cr-00124-SJD   Document 35   Filed 03/02/2006   Page 2 of 2

PROB 12A
(12/98)

2

PROB 12A
(12/98)                                                                                          2

the residence. While the police were there, Turner was heard by the police threatening to harm Wise and her children. No arrest was made by the police, and each was given a referral for mediation. Wise showed this officer a copy of the referral for mediation which was issued on January 17, 2006. However, Turner was not satisfied with the decision of the officer at the scene, so he went to the Hamilton County Clerk's Office, and filed a criminal complaint and affidavit for Domestic Violence against Wise.

According to Wise, she went to work on February 6, 2006, and upon arriving the police were there to arrest her on the warrant. As she was being arrested, Turner came to the scene and asked the police not to take her into custody to which the police responded you were the one that called us. Wise was taken into custody. According to Wise's 20 year daughter, she went with Turner who tried to bond Wise out. Wise refused the bond because it was from Turner, and was bonded out a day later by a friend.

This officer spoke with Wise's daughter, who stated Turner told her that he should not have filed the charge and regretted doing so.

As the Court is aware, there has been a long history of relationship problems and domestic violence allegations between Wise and Turner. There is no credibility on either side. Like many of the criminal charges filed between the two in the past, the outcome of this case is uncertain, and it could be dismissed. It should be noted, the Court recently granted an electronic monitoring modification in Wise's case involving her drug usage, and she will be on electronic monitoring for a period of 90 days.

Therefore, this officer is respectfully recommending the Court take no action to allow for the case to be prosecuted.

Respectfully submitted,                              Approved,

by *[signature]*                                     by *[signature]*
Robert C. Frommeyer Jr.                              John C. Cole
Senior U. S. Probation Officer                       Supervising U. S. Probation Officer
Date:   **February 27, 2006**                        Date: 2-28-06

[X] I concur with the recommendation of the Probation Officer
[ ] Submit a Request for Modifying the Condition or Term of Supervision
[ ] Submit a Request for Warrant or Summons

*[signature]*
Signature of Judicial Officer

March 1, 2006
Date